**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

December 4, 2006

LETTER OPINION
ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT

Re:  **Shernoff v. Hewlett-Packard Company et al.**
     **No. 04-4390**

Dear Parties,

On April 21, 2005, counsel for Plaintiff Mia Shernoff and Defendant Hewlett-Packard Company ("HP") appeared before Magistrate Judge Madeline Cox Arleo for a settlement conference. Plaintiff was represented by local counsel, Anna M. Stathis, Esq., and by her husband, Frank L. Shernoff, Esq., admitted *pro hac vice*. Both parties were available by telephone. Plaintiff, a former employee of HP, had filed suit against HP alleging breach of contract, negligence, and breach of the implied covenant of good faith and fair dealing. Plaintiff alleged that HP provided her with incorrect information regarding the exercise price for an option to purchase HP stock that was issued to her during her employment. The parties agreed to settle Plaintiff's claims against HP: HP would pay Plaintiff $37,500 in exchange for her surrender of the stock option and the parties also agreed to certain non-economic terms.

Accordingly, on April 25, 2005, the Court entered a 60-day Order dismissing the case due to the settlement. Over the course of the next several weeks, the parties attempted to embody the terms of the agreement in a formal written document. On May 10, 2005, Defendant forwarded Plaintiff a draft of the settlement agreement. Plaintiff refused to sign the agreement, and instead, sent Defendant a new version on May 16, 2005. On June 1, 2005, Defendant responded to Plaintiff's changes, accepting some and rejecting others. Subsequently, some time between June 1, 2005 and June 14, 2005, without providing notice to the Court or to HP, Plaintiff unilaterally decided to exercise her HP stock options rather than surrender them to HP pursuant to the settlement. Plaintiff received a net amount of $28,595.69.

On June 21, 2005, counsel for HP alerted the Court of Plaintiff's breach of the settlement agreement and requested a hearing. In response, Plaintiff moved to rescind the settlement agreement. On July 18, 2005, HP opposed Plaintiff's motion and indicated that it would permit Plaintiff to retain the proceeds of the option exercise, but sought to enforce the agreed-upon non-economic terms. The Court referred these motions to Judge Arleo for a Report and Recommendation ("R&R"). Judge Arleo conducted an evidentiary hearing wherein the parties

were permitted to present and cross-examine witnesses on July 27, 2005.

I.  **The Magistrate Judge's Findings**

Judge Arleo issued an R&R on July 17, 2006 recommending that the Court deny Plaintiff's motion to rescind the settlement and grant Defendant's cross-motion to enforce the settlement as to the non-economic terms. This R&R is memorialized in a letter to the parties.

In summary, Judge Arleo found that a voluntary binding contract was formed between the parties, despite the fact that they had not executed the written settlement agreement. Judge Arleo found that Plaintiff, through her attorneys, and Defendant agreed to the material terms of the settlement: that Plaintiff would forego her claims against Defendant in exchange for $37,500, and that the option held by Plaintiff would be surrendered to HP. Additionally, Judge Arleo found that the agreed-to "non-economic" terms of the Agreement included the following: 1) non-admission of liability on the part of HP; 2) a general release of all claims from Plaintiff; 3) a confidentiality agreement regarding the terms of the settlement; 4) a mutual non-disparagement provision; and 5) no future re-employment unless waived at Defendant's option.

II.  **Plaintiff's Written Objections**

Plaintiff filed timely written objections to Judge Arleo's R&R pursuant to Local Civil Rule 72.1(c)(2). Plaintiff argues that the Court should decline to adopt Judge Arleo's recommendations, setting forth 21 objections to the R&R. Essentially, Plaintiff claims that the Magistrate Judge erred in concluding that the parties entered into a binding settlement agreement for several reasons, which the Court will consider in turn below.

III.  **Legal Discussion**

Pursuant to Rule 72.1(c)(2), the Court must "make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Because an order enforcing a settlement is dispositive of a case, the Court will conduct a de novo review in this matter. The Court need not conduct a new hearing or take new evidence in making this de novo review. L. Civ. R. 72.1(c). Rather, the Court may consider the record developed before the Magistrate Judge and make a determination on the basis of that record. L. Civ. R. 72.1. The Court has reviewed the R&R, Plaintiff's objections to the R&R, and the record before the Magistrate Judge. For the following reasons, the Court adopts Judge Arleo's R&R as the opinion of this Court.

The construction and enforcement of settlement agreements in federal court is governed by state law. <u>Excelsior Ins. Co. v. Pennsbury Pain Center</u>, 975 F. Supp. 342, 349 (D.N.J. 1996). An agreement to settle a lawsuit is a contract, which, like all contracts, may be freely entered into

and which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce. Borough of Haledon v. Borough of North Haledon, 817 A.2d 965, 975 (N.J. Super. Ct. App. Div. 2003).

In accordance with traditional contract law principles, "a contract arises from the manifest intentions of the parties to engage in an offer and acceptance of sufficiently definite essential terms." Excelsior Ins. Co., 975 F. Supp. at 349; see also United States v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997) (stating that a "contract is enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms."). Further, an oral agreement as to the essential terms of a settlement is valid even though the parties later intend to reduce their agreement to a formal writing. See Pascarella v. Bruck, 462 A.2d 186, 191 (N.J. Super. Ct. App. Div. 1983); Bistricer v. Bistricer, 555 A.2d 45, 47 (N.J. Super. Ct. Ch. Div. 1987). As long as the "basic essentials are sufficiently definite, any gap left by the parties should not frustrate their intention to be bound." Hagrish v. Olson, 603 A.2d 108, 110 (N.J. Super. Ct. App. Div. 1992).

There is a strong public policy in favor of settlement in New Jersey. See, e.g., Nolan v. Lee Ho, 120 N.J. 465, 472 (1990). In consideration of this policy, courts should "strain" to uphold settlements. See Bistricer, 555 A.2d at 49. Accordingly, absent compelling circumstances, courts will enforce settlement agreements. Zuccarelli v. Dep't of Envir. Prot., 741 A.2d 599, 604 (N.J. Super. Ct. App. Div. 1999).

The Court finds, in accordance with the Magistrate Judge's decision and with New Jersey law, that on April 21, 2005, a binding contract was formed between the parties, despite the fact that they had not executed a written settlement agreement. Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500. (Transcript of Hearing Before the Honorable Madeline Cox Arleo ("Tr.") dated July 27, 2005 at 14:18-15:3; Certification of Gregory C. Parliman ("Parliman Cert.") at 2.) In addition, the parties agreed to non-economic terms including: 1) non-admission of liability on the part of HP; 2) a general release of all claims from Plaintiff; 3) a confidentiality agreement regarding the terms of the settlement; 4) a mutual non-disparagement provision; 5) no future re-employment of Plaintiff unless waived at Defendant's option. (Parliman Cert. at 2-3.)

Among Plaintiff's objections to the R&R, Plaintiff argues that the Magistrate Judge erred in concluding that a "bargain was clearly struck" between the parties. (Plaintiff's Objections at 6.) In support of her argument, Plaintiff claims that Defendant's "litany of oppressive terms was not discussed or negotiated prior to the verbal settlement entered into at the initial settlement conference" and that it was an "error for the Magistrate to characterize the defendant's after-the-fact litany of oppressive terms as merely collateral to the parties' in court-agreement." (Plaintiff's Objections at 6.) Plaintiff also argues that her husband "negotiated an innocuous non-employment clause which did not unreasonably hinder the plaintiff's right to work" and that the Magistrate Judge "failed or refused to address the plaintiff's legal argument that the litany of oppressive terms is unenforceable because they are unfair and unjust." (Plaintiff's Objections at

7-8).

The Court finds that the essential non-economic terms described above were indeed negotiated at the settlement conference held on April 25, 2005. These core terms, including the no re-employment provision, were not collateral to the agreement. Rather, the record demonstrates that the parties agreed that the no re-employment clause could be waived only by mutual consent of the parties, and Plaintiff's counsel did not specify that they intended the no re-employment provision to be waivable simply by reaching an agreement with Plaintiff's colleagues at HP. (Tr. 42:2-10.) Further, the non-economic terms were freely negotiated by the parties and are neither unfair nor unjust.

The Court also rejects Plaintiff's argument that the Proposed Settlement Agreement might deprive Plaintiff of her HP pension and 401(k). (Plaintiff's Objections at 7.) Vested pension or 401(k) benefits cannot be waived, see Internal Revenue Code of 1986, as amended, § 401(a)(13), and the purpose of the release language in this regard is to waive any claims for additional contributions to Plaintiff's pension or 401(k) by the Defendant. Thus, it is unnecessary for the Court to accept Plaintiff's proposed alternative terms.

Plaintiff further objects to the R&R on the grounds that the Magistrate Judge erred in "failing or refusing to address the plaintiff's argument that the settlement was void for misrepresentation," "failing to credit the plaintiff's argument that the settlement was void for fraud," "failing to find a unilateral mistake on the part of the plaintiff," "failing or refusing to address plaintiff's argument that the settlement was void for vagueness," and "failing or refusing to address the plaintiff's argument that the settlement was void for lack of consideration." (Plaintiff's Objections at 10-11.) This Court finds that there is no evidence of misrepresentation that warrants rescinding the settlement agreement. Similarly, there is no credible evidence of fraud on the part of the Defendant or a unilateral mistake on the part of the Plaintiff. Finally, the Court holds that the settlement was not void for vagueness; nor was the settlement void for lack of consideration. The parties agreed to definite, core non-economic terms, and each party received consideration for its promises to each other. Specifically, the Plaintiff agreed to surrender her stock option and in exchange the Defendant agreed to pay Plaintiff $37,500. (Tr. 14:18-15:3; Parliman Cert. at 2.) Additionally, the record demonstrates that the parties agreed to several non-economic terms. (Parliman Cert. at 2-3.)

Plaintiff also claims that the Magistrate Judge erred in failing to consider the effect of In Re Marcalus, 120 F.Supp. 784 (D.N.J. 1954) on the Plaintiff's conduct in exercising her stock option. (Plaintiff's Objections, p. 11-13.) In Marcalus, the court explained that the essential element to the valid consummation of a contract is a meeting of the minds of the contracting parties. Id. at 787. Because negotiations in Marcalus were still pending as to matters material to the contract, the court held that there was not a valid and enforceable contract. Id. Here, Plaintiff argues that there was not a meeting of the minds on all of the essential terms of the settlement, and therefore, in accordance with Marcalus, it was proper for Plaintiff to withdraw from continuing settlement negotiations and exercise her stock option. The Court finds,

however, that the evidence demonstrates that there was a meeting of the minds as to the essential terms of the settlement. Marcalus is therefore distinguishable from the matter at hand.

Plaintiff further claims that it was reversible error for the Magistrate Judge to impose a unilateral release upon the Plaintiff. (Plaintiff's Objections at 13-14.)  Plaintiff argues that she believed that any release would be mutual, while Defendant believed that any release would be unilateral.  However, the evidence demonstrates that Defendant requested that Plaintiff provide a release of claims to Defendant and that Plaintiff agreed to this request. (Parliman Cert. at 2.) Plaintiff did not make any such request. (Tr. 23:8-25; Parliman Cert. at 3.)  Therefore, the Court finds that the agreed to non-economic terms included a general release of all claims from Plaintiff.

Plaintiff's claim that the Magistrate Judge erred in excluding evidence of the parties' continuous exchanges does not justify the rejection of Magistrate Judge Arleo's findings. Similarly, Plaintiff's argument that Magistrate Judge Arleo "strained" to enforce the settlement agreement does not justify the rejection of the Magistrate Judge's findings.  As the court stated in Bistricer v. Bistricer, 555 A.2d 45, 47-48 (N.J. Super. Ct. Ch. Div. 1987), courts should strain to uphold settlements.

Plaintiff also claims that the Magistrate Judge erred in failing to consider the Plaintiff's argument that summary enforcement of the settlement is inappropriate in this case and that the Magistrate Judge erred in failing to consider the Plaintiff's testimony that her attorneys had no authority to settle upon the terms demanded by HP after the fact. (Plaintiff's Objections at 17.) Neither of these arguments justifies the rejection of Magistrate Judge Arleo's findings.  The Court finds that the settlement must be enforced because the evidence demonstrated that the parties had reached an agreement regarding the core terms described above.  This agreement was reached during the settlement conference on April 21, 2005.  Thus, summary enforcement of the settlement is appropriate, and Plaintiff's attorneys did have authority to settle the case on her behalf at that settlement conference. (Tr. 19:3-20:10.)

Finally, Plaintiff claims that Magistrate Judge Arleo erred in refusing to recuse herself following Plaintiff's request. (Plaintiff's Objections at 16.)  According to Plaintiff, the Magistrate Judge should have recused herself because she had personal knowledge of disputed facts relevant to the terms of the settlement.  Plaintiff argues that the Magistrate Judge's denial of Plaintiff's request requires that the Court reject the R&R. (Plaintiff's Objections at 16.)   The Court rejects Plaintiff's claim, as this Court has conducted a de novo review and finds that the record establishes that a binding settlement agreement was formed between the parties.

**IV.   Conclusion**

For the foregoing reasons, the Court adopts Magistrate Judge Arleo's Report and Recommendation and accordingly grants Defendant's motion to enforce the settlement as to the

non-economic terms and denies Plaintiff's cross-motion to rescind the settlement.  An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.
