**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

CLARKSON S. FISHER
FEDERAL BUILDING
402 EAST STATE STREET
ROOM 341
TRENTON, NJ 086080
(609) 989-0502

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

January 9, 2008

**Re:**   **Mia Shernoff v. Hewlett-Packard Company**
             **No. 04-4390**

Dear Parties,

Presently before the Court is *pro se* Plaintiff, Mia Shernoff's ("Plaintiff" or "Mrs. Shernoff") motion for relief from the December 5, 2006 Order by this Court, pursuant to Fed. R. Civ. P. 60(b). The Defendant, Hewlett-Packard ("Defendant" or "HP") opposes the motion.

**I.   Background**

On September 10, 2004, Plaintiff filed her complaint against the Defendant regarding the exercise of an option to purchase HP stock that the company granted to Plaintiff in connection with her employment at HP. Plaintiff claimed that HP provided her with incorrect information regarding the exercise of her option and once she discovered the error, she demanded that HP allow her to retroactively exercise the option on a date that the stock was at its highest price. The Defendant refused to do so and Plaintiff filed suit. Plaintiff then filed an amended complaint on April 12, 2005 alleging professional liability, breach of contract, negligent misrepresentation, and breach of implied covenant of good faith.

Magistrate Judge Madeline Arleo ("Judge Arleo") conducted a settlement conference with the parties on April 21, 2005. After the conference, the Defendant's counsel ("Day Pitney") drafted a Settlement Agreement and Stipulation of Dismissal, which embodied the agreed upon terms from the conference, and forwarded the draft to Plaintiff. Plaintiff proposed a few revisions, some of which the Defendant incorporated and some which it did not and, again, forwarded the revised draft to Plaintiff. Plaintiff never responded.  In the meantime, Plaintiff exercised the very stock option she expressly agreed to surrender at the settlement conference. Upon learning this, the Defendant immediately moved to enforce the non-economic terms of the settlement agreement. Plaintiff cross-moved to rescind the settlement and restore the case to the active docket.

On July 27, 2005, Judge Arleo held a hearing with respect to the cross-motions and issued a Report and Recommendation on July 17, 2006 ("R & R"), in which she concluded that

the parties had entered into a binding settlement agreement on April 21, 2005.  Thus, Judge Arleo recommended that the motion to rescind the settlement agreement be denied and the motion to enforce the non-economic terms of the agreement be granted.  Plaintiff filed an objection to the R & R on July 31, 2006, which the Defendant opposed.  The Court entered an Opinion and Order, on December 4 and 5, 2006, respectively, adopting the R & R, enforcing the settlement agreement, and dismissing the case without prejudice.  Plaintiff filed an appeal to the Third Circuit on December 22, 2006, which is currently pending.

Plaintiff now brings this action before the Court for relief from the Court's December 5, 2006 Order, pursuant to Rule 60(b), on the grounds that there is new evidence.  Plaintiff filed her motion on December 5, 2007.  Having reviewed the matter, the Court declines to provide relief from its December 5, 2006 Order.

**II.     Standard of Review**

Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons...(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b)...The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The purpose of a Rule 60(b) motion is not to reargue the points raised in the underlying final order, but is rather an attempt by the federal judicial system to balance the occasionally conflicting goals of finality and fairness.  *See Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978) ("The general purpose of Rule 60 which provides for relief from judgments for various reasons, is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.").

A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances," *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981) (quoting 7 Moore's Fed. Practice ¶ 60.27(1) at 351).  A "district court is given broad discretion to deny or grant relief in light of the particular circumstances of the case."  7 Moore's Fed. Practice ¶ 60.18.  The rule "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," but such authority should only be applied in "extraordinary circumstances."  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1987) (internal citations omitted).

**III.     Discussion**

Plaintiff proffers, as the basis of her Rule 60(b) motion, that there are three new items of evidence:

> 1. The Defendant's appellate brief submitted to the Third Circuit does not allege that Day Pitney's attorneys "demanded, articulated, or negotiated" for any of the terms in the settlement agreement.  Pl. Brief, pg. 9.
>
> 2. The Defendant's appellate brief to the Third Circuit sets forth the terms Day Pitney claimed to have bargained for, but did not include any of the disputed terms.
>
> 3. The Defendant's appellate brief to the Third Circuit identifies a document that Day Pitney created for the settlement conference listing the terms of the agreement the Defendant sought.

Upon review of the alleged "new evidence," the Court finds that no such new evidence exists.  These items of "new evidence" are merely responses to issues raised by the Plaintiff in her appeal to the Third Circuit.  Moreover, the facts Plaintiff presently asserts are nearly identical to those that were before the Court when it first considered Plaintiff's objections to the R & R back in December 2006.  Each piece of supposed "new evidence" Plaintiff now puts forth has already been briefed, considered, and ruled upon by the Court.

Furthermore, although a Rule 60(b) motion can proceed simultaneously with an appeal in limited circumstances, *see Stone v. INS*, 514 U.S. 386 (1995), it is well-established that a district court lacks jurisdiction to consider a Rule 60(b) motion when the same issues are currently pending on appeal.  "The filing of a notice of appeal...confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  The issues Plaintiff raises in her motion are the identical issues currently pending on appeal before the Third Circuit and, therefore, the Court no longer has jurisdiction over the matter.

On a final note, Plaintiff's husband, Frank Shernoff, has been improperly representing his wife.  The recent string of letters the Court has received have been written, *not* by Mrs. Shernoff, but by Frank Shernoff of the Shernoff Law Office.  Since Frank Shernoff is not admitted to the Bar of this Court and Mrs. Shernoff holds herself out to be a *pro se* plaitniff, the Court will not recognize any of the materials submitted by Frank Shernoff on behalf of Mrs. Shernoff.

Accordingly, the Court grants Defendant's motion to for summary judgment and Plaintiff's complaint is dismissed.  An appropriate order follows.

                                                    /s/ JOEL A. PISANO
                                                    United States District Judge